IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., <br><br> Plaintiffs, <br><br> v. <br><br> TECHTRONIC INDUSTRIES CO. LTD., ONE WORLD TECHNOLOGIES, INC. and OWT INDUSTRIES, INC. <br><br> Defendants. | C. A. No. 1:06-cv-00386-(GMS) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants, Techtronic Industries Co. Ltd., One World Technologies, Inc. and OWT Industries, Inc. (collectively "TTI") respond to the Complaint filed by Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker").

**Parties, Jurisdiction and Venue**

1. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. § 1338(a).

**ANSWER:** Admitted that venue is proper but inappropriate for the reasons stated in the defendants' motion to transfer filed contemporaneously herewith.

2. Black & Decker Inc. is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

**ANSWER:** Admitted that venue is proper but inappropriate for the reasons stated in the defendants' motion to transfer filed contemporaneously herewith.

3. Black & Decker (U.S.) Inc. is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland.

**ANSWER:** Admitted that venue is proper but inappropriate for the reasons stated in the defendants' motion to transfer filed contemporaneously herewith.

4. TechTronics Industries Co. Ltd. ("TTI") is a Hong Kong corporation having its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong. TTI is a designer and manufacturer of power tool products, including power tools sold under the RIDGID brand name. TTI maintains sales representatives in Delaware for its power tool products, including the products at issue in this case.

**ANSWER:** Denied on the ground that TTI's corporate name is "Techtronic Industries Co. Ltd." not "TechTronics Industries Co. Ltd." TTI admits that the allegation includes its corporate headquarters and that its products are sold in Delaware through various sales agents.

5. One World Technologies, Inc. ("One World") is a Delaware corporation having its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is a wholly-owned subsidiary of TTI.

**ANSWER:** Admitted that One World is ultimately a subsidiary of Techtronic Industries Co. Ltd.

6. OWT Industries, Inc. ("OWT") is a Delaware corporation having its principal place of business at 225 Pumpkintown Highway, Pickens, South Carolina. OWT is a subsidiary of One World.

**ANSWER:** Admitted that OWT is ultimately a subsidiary of Techtronic Industries Co. Ltd.

7.  One World and OWT manufacture and distribute power tool products under the RIDGID brand name.

**ANSWER:** Admitted.

8.  Each Defendant transacts business in this District, at least by offering to sell, selling, importing and/or advertising power tool products through retail stores, catalogs and the Internet in such a way as to reach customers in Delaware.

**ANSWER:** Admitted.

9.  The Court has personal jurisdiction over One World and OWT because, among other things, they are Delaware business entities and because they have committed acts of infringement in this District. The Court has personal jurisdiction over TTI because, among other things, it has committed acts of infringement in this District.

**ANSWER:** Denied.

10. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b).

**ANSWER:** Admitted that venue is proper but inappropriate for the reasons stated in the defendants' motion to transfer filed contemporaneously herewith.

### Patent Infringement Count I

11. Black & Decker incorporates into this Count I the allegations set forth in paragraphs 1-10 above.

**ANSWER:** TTI repeats and re-alleged its responses to each and every allegation of paragraphs 1-10 above as fully set forth herein.

12. Black & Decker Inc. owns United States Patent No. 5,590,988, entitled "Plunge Type Router," issued to Rusconi on January 7, 1997 ("the '988 patent") (Exhibit A).

**ANSWER:** Admitted that United States Patent No. 5,590,988 entitled "Plunge Type

      Router," issued to Rusconi on January 7, 1997. Except as so admitted, denied on the ground that TTI lacks sufficient information or belief as to the truth of the allegations.

13.  Black & Decker (U.S.) Inc. is an exclusive licensee under the '988 patent and has been directly injured by Defendants' infringing activities.

 **ANSWER:**  Denied on the ground that TTI lacks sufficient information or belief as to the truth of the allegations.

14.  Black & Decker Inc. and Black & Decker (U.S.) Inc. have standing to sue for infringement of the '988 patent because they collectively own all right, title and interest in and to the '988 patent and the Black & Decker products covered by that patent, including the right to collect for past damages. Black & Decker Inc. and Black & Decker (U.S.) Inc. have each suffered injury from the Defendants' acts of patent infringement.

 **ANSWER:**  Denied on the ground that TTI lacks sufficient information or belief as to the truth of the allegations; also denied to the extent the paragraph alleges infringement by TTI and damage stemming therefrom.

15.  Defendants have infringed, and are now directly infringing the '988 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing router products and motors, including but not limited to RIDGID brand products bearing Model Nos. R2930 and R2900 (the "RIDGID Router Products"). Defendants have also infringed the '988 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the infringing RIDGID Router Products.

 **ANSWER:**  Denied.

16. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**ANSWER:** Denied.

17. Defendants have each been given actual notice of their infringement of the '988 patent.

**ANSWER:** Denied.

18. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the '988 patent.

**ANSWER:** Denied.

## Count II

19. Black & Decker incorporates into this Count II the allegations set forth in paragraphs 1-10 above.

**ANSWER:** TTI repeats and re-alleges its responses to each and every allegation of paragraphs 1-18 above as fully set forth herein.

20. Black & Decker Inc. owns United States Patent No. 5,998,897, entitled "Router Chuck Mounting System," issued to Bosten et al. on December 7, 1999 ("the '897 patent") (Exhibit B), which was assigned to Black & Decker Inc. by Porter-Cable Corporation.

**ANSWER:** Admitted that United States Patent No. 5,998,897 entitled "Router Chuck Mounting System" issued to Bosten et al. on December 7, 1999. Except

> as so admitted, denied on the ground that TTI lacks sufficient information or belief as to the truth of the allegations.

21. Black & Decker (U.S.) Inc. is an exclusive licensee under the '897 patent and has been directly injured by Defendants' infringing activities.

> **ANSWER:** Denied on the ground that TTI lacks sufficient information or belief as to the truth of the allegations.

22. Black & Decker Inc. and Black & Decker (U.S.) Inc. have standing to sue for infringement of the '897 patent because they collectively own all right, title and interest in and to the '897 patent and the Black & Decker products covered by that patents, including the right to collect for past damages. Black & Decker Inc. and Black & Decker (U.S.) Inc. have each suffered injury from the Defendants' acts of patent infringement.

> **ANSWER:** Denied on the ground that TTI lacks sufficient information or belief as to the truths of the allegations; also denied to the extent the paragraph alleges infringement by TTI and damage stemming therefrom.

23. Defendants have infringed, and are now directly infringing the '897 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing router products and motors, including but not limited to RIDGID brand products bearing Model Nos. R2930 and R2900 (the "RIDGID Router Products"). Defendants have also infringed the '897 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the infringing RIDGID Router Products.

> **ANSWER:** Denied.

24. Defendants' infringement, contributory infringement and/or inducement to infringe

has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

**ANSWER:** Denied.

25. Defendants have each been given actual notice of their infringement of the '897 patent.

**ANSWER:** Denied.

26. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the '897 patent.

**ANSWER:** Denied.

## TTI's AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES in the above-entitled action, TTI alleges as follows:

27. TTI does not and has not infringed, and does not induce or contribute to and has not induced or contributed to the infringement of, any claim of the '988 patent.

28. TTI does not and has not infringed, and does not induce or contribute to and has not induced or contributed to the infringement of, any claim of the '897 patent.

29. The '988 patent is invalid under one or more grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

30. The '897 patent is invalid under one or more grounds specified in United States

Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

31. Black & Decker's patent infringement allegation is barred with respect to the doctrine of equivalents because the doctrine is not available to Black & Decker in this case.

32. Black & Decker's patent infringement allegation is barred in whole or in part due to laches and/or estoppel.

## TTI'S COUNTERCLAIMS

### Parties and Jurisdiction

33. Techtronic Industries Co. Ltd. is a Hong Kong corporation having its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong.

34. One World Technologies, Inc. is a Delaware corporation having its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is a wholly-owned subsidiary of TTI.

35. OWT Industries, Inc. is a Delaware corporation having its principal place of business at 225 Pumpkintown Highway, Pickens, South Carolina. OWT is a subsidiary of One World.

36. Black & Decker Inc. is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

37. Black & Decker (U.S.) Inc. is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland.

38. TTI's counterclaims are brought under the Patent Laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2001. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), but inappropriate for the reasons stated in

the defendants' motion to transfer filed contemporaneously herewith.

39. An actual controversy exists between TTI and Black & Decker with respect to the alleged infringement of the '988 patent and the alleged infringement of the '897 patent due to allegations in paragraphs 11-26 of Black & Decker's Complaint filed on June 14, 2006.

### TTI's Counterclaim of Non-Infringement of the '988 Patent

40. TTI seeks a declaratory judgment that the '988 patent is not infringed in any manner by any TTI products or by any actions of TTI.

### TTI's Counterclaim of Non-Infringement of the '897 Patent

41. TTI seeks a declaratory judgment that the '897 patent is not infringed in any manner by any TTI products or by any actions of TTI.

### TTI's Counterclaims of Invalidity of the '988 Patent

42. TTI seeks a declaratory judgment that the '988 patent is invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### TTI's Counterclaims of Invalidity of the '897 Patent

43. TTI seeks a declaratory judgment that the '988 patent is invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, TTI requests the following relief and that judgment be entered that:

A. None of TTI's products or actions infringe any of the claims of the '988 patent in any manner;

B. None of TTI's products or actions infringe any of the claims of the '897 patent in

      any manner;

C.    All of the asserted claims of the '988 patent are invalid;

D.    All of the asserted claims of the '897 patent are invalid;

E.    Black & Decker is not entitled to any of the relief requested in its Complaint and that Black & Decker's Complaint be dismissed with prejudice;

F.    That this case be declared exceptional and award TTI its attorneys' fees and costs as provided by 35 U.S.C. § 285.

G.    Such other and further relief as this Court or a jury may deem proper and just.

Dated: August 28, 2006

          */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrmann@morrisjames.com
Tel: (302) 888-6800
Fax: (302) 571-1750

*Attorneys for Techtronic Industries Co. Ltd, One World Technologies, Inc. and OWT Industries, Inc.*

*OF COUNSEL*

Michael E. Husmann
Richard H. Marschall
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
mehusmann@michaelbest.com
rhmarschall@michaelbest.com
Tel: (414) 271-6560
Fax: (414) 277-0656

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2006, I electronically filed the foregoing document, **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell, LLP
1200 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
(302) 658-9200

Additionally, I hereby certify that on this 28th day of August, 2006, the foregoing document was served via Federal Express and by e-mail on the following non-registered participants:

Raymond P. Niro, Jr.
Dina M. Hayes
Christopher F. Laney
NIRO, SCAVONE, HALLER & NIRO
8128 West Madison, Suite 46700
Chicago, IL 60602-4515
(312) 236-9733

                                                */s/ Richard K. Herrmann*
                                                Richard K. Herrmann (#405)
                                                Morris, James, Hitchens & Williams LLP
                                                222 Delaware Avenue, 10th Floor
                                                Wilmington, DE 19801
                                                (302) 888-6800
                                                rherrmann@morrisjames.com

                                                *Counsel for Techtronic Industries Co. Ltd., One World Technologies, Inc., and OWT Industries, Inc.*