IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACK & DECKER INC. and BLACK &
DECKER (U.S.) INC.,

          Plaintiffs,

    v.

TECHTRONIC INDUSTRIES CO. LTD.,
ONE WORLD TECHNOLOGIES, INC.
and OWT INDUSTRIES, INC.

          Defendants.

C. A. No. 1:06-cv-00386-(GMS)

JURY TRIAL DEMANDED

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
TO SEVER AND TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrman@morrisjames.com
Tel: (302) 888-6800
Fax: (302) 571-1750

*Attorneys for Techtronic Industries Co. LTD, One
World Technologies, Inc. and OWT Industries, Inc.*

*OF COUNSEL*

Michael E. Husmann
Richard H. Marschall
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin 53202-4108
mehusmann@michaelbest.com
rhmarschall@michaelbest.com
Tel. (414) 271-6560
Fax: (414) 277-0656

Dated: August 28, 2006

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING..........................................................1

INTRODUCTION AND SUMMARY OF THE ARGUMENT.......................................1

FACTS.......................................................................................................................2

ARGUMENT..............................................................................................................4

I.    The Convenience of the Parties and Interests of Justice Determine Whether
      Transfer is Appropriate…………………………….............................................4

II.   The Public Interests, Focused on Judicial Economy and Convenience,
      Heavily Favor Transfer to Wisconsin......................................................................5

III.  The Private Interests, Focused on the Convenience of the Parties, Favors
      Transfer to Wisconsin................................................................................................8

CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

Page

<u>Cases</u>

*APV North America, Inc. v. Sig Simonazzi North America, Inc.*,
    295 F. Supp. 2d 393, (D. Del. 2002)......................................................................7

*Brunswick Corp. v. Precor Inc.*,
    No. 00-691-GMS, 2000 WL 1876477, *3 (D. Del. Dec. 12, 2000) ...............5, 8

*Cashedge, Inc. v. Yodlee, Inc.*,
    No. Civ. A. 06-170 JJF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006)......7, 9

*Genfoot, Inc. v. Payless Shoesource, Inc.*,
    No. Civ. 03-398-SLR, 2003 WL 22953183, at *2 (D. Del. Dec. 3, 2003).........6, 7

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3rd Cir. 1995)........................................................................4, 5

*Nilssen v. Osram Sylvania, Inc.*,
    No. Civ. A. 00-695-JJF, 2001 WL 34368395, at *4 (D. Del. May 1, 2001)...........6

*Saint-Gobain Calmar, Inc. v. National Products Corp*,
    230 F.Supp.2d 655, (E.D. Pa. 2002) ......................................................................8

*Sanyo Elec. Trading Co., Ltd. v. Masco Corp.*,
    429 F. Supp. 1023, (D.C. Del. 1977) ......................................................................6

*Smithkline Corp. v. Sterling Drug, Inc.*,
    406 F. Supp. 52 (D.C. Del.1975) ........................................................................5, 6

*Weber v. Basic Comfort Inc.*,
    155 F. Supp. 2d 283 (E.D. Pa. 2001) ..................................................................5, 7

<u>Other Authorities</u>

28 U.S.C. § 1404(a) .................................................................................................passim

Fed. R. Civ. P. 21.................................................................................................2, 10

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs' Complaint alleges infringement of two patents. Defendants' Answer to the Complaint is being filed simultaneously with this brief. The parties have not engaged in any discovery in this action.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Complaint filed by Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc. ("Black & Decker") include allegations of infringement of two patents by Defendant Techtronic Industries Co. Ltd. ("Techtronic") and two of its subsidiaries, One World Technologies, Inc. ("One World") and OWT Industries, Inc. ("OWT"). One of the allegedly infringed patents is U.S. Patent No. 5,998,897 (the "'897 Patent"), a patent directed to specific aspects of routers. D.I. at Ex. B. On the same day Black & Decker filed this action, it filed a counterclaim in a related action already pending in the Eastern District of Wisconsin involving Black & Decker and a third subsidiary of Techtronic, Milwaukee Electric Tool Corporation ("Milwaukee Electric"). That counterclaim alleged infringement of the '897 patent by Milwaukee Electric's routers.

Techtronic and its subsidiaries (collectively, the "Techtronic Group") are not just closely related parties accused of infringing the same patent. The products accused of infringement, while assigned different model numbers, are virtually identical with respect to the structure that is relevant to the '897 patent, namely the structure that mounts the tool bit in the bottom of the routers. There can be no doubt that Black & Decker's duplicative claims against related parties for infringement of the '897 Patent creates inefficiency for the parties and wastes judicial resources. The status quo also places the Techtronic Group defendants in the position of fighting the same battle on two fronts and

facing the prospect of inconsistent decisions and judgments.  Because the same patent and highly similar accused designs are at issue in the Wisconsin and Delaware lawsuits, the allegations of infringement of the '897 Patent belong in the same court.  In this case that court is the Eastern District of Wisconsin, where discovery has already commenced and where the parties have more contacts with the forum.  Accordingly, this Court should sever Black & Decker's '897 Patent infringement claim[1] and transfer this claim to the Eastern District of Wisconsin where discovery is already underway.  Alternatively, this Court should stay any proceedings related to the '897 Patent pending the outcome of Black & Decker's counterclaim in Wisconsin.

## FACTS

Earlier this year, Milwaukee Electric filed a Complaint in the Eastern District of Wisconsin alleging patent infringement by Black & Decker (the "Wisconsin Complaint").  The Wisconsin Complaint alleged infringement of two different patents related to routers.  *See* Appendix at A3 (Wis. Compl. ¶¶ 14-17).  Black & Decker filed its Answer and Counterclaim on June 14, 2006 (the "Wisconsin Counterclaim").  A5-A16.  The Wisconsin Counterclaim accuses Milwaukee Electric of infringing the '897 Patent.  A12-A14 (Wis. Countercl. ¶¶ 19-26).  Black & Decker filed this patent infringement suit in the District of Delaware on June 14, 2006, alleging, among other things, infringement of the '897 Patent by Techtronic, One World and OWT (the "Delaware Complaint").  D.I. 1 at ¶¶ 19-26.  The Wisconsin Counterclaim and the Delaware Complaint are

---

[1]    Severance pursuant to Fed. R. Civ. P. 21 is necessary before transfer because the Complaint currently alleges infringement of two separate patents, and Defendants only seek to transfer the claim of infringement of one of the patents, the '897 Patent.  *See* Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately.").

identical with respect to the '897 Patent infringement aspects with the exception of the parties named and the product models listed. *Compare* A12-A14 at ¶¶ 19-26 *with* D.I. 1 at ¶¶ 19-26.

The '897 Patent discloses and claims a certain type of chuck mounting system. D.I. Ex. B at Title ("Router Chuck Mounting System") and Abstract ("Improvements made to a router relate to a router chuck and collet mounting system."). The claims focus on the structures attached to the bottom of the main armature shaft, including the bearing, chuck, collet and collet nut. *Id.* at claims 1 and 10. More generally, the focus of the claims of the '897 patent is on the manner in which the router tool bit is mounted in the bottom of the router. *See also id.* at Fig. 9 (disclosing claimed structure). The focus of the infringement analysis will be on the nature of this mounting system in the Techtronic Group products and its relation to the mounting system claimed in the '897 patent.

Like Defendants One World and OWT, Counter-Defendant Milwaukee Electric is a wholly owned subsidiary of Techtronic. McLay Declaration in Support of Motion to Transfer at ¶ 2. As members of the same corporate family, Techtronic, One World, OWT and Milwaukee Electric occasionally share product designs and manufacturing plans. *Id.* ¶ 3. Specifically, Techtronic, One World and OWT based the mounting system of the accused RIGID brand routers, Model Nos. R2930 and R2900, using product designs developed by Milwaukee Electric that correspond to the focus of the '897 patent claims discussed above. *Id.* These related Techtronic Group router products are identified in the Wisconsin Counterclaim and the Delaware Complaint and are the products accused of infringement in the two actions. *Compare* Wisconsin Countercl. ¶¶ 23 *with* Del. Compl. ¶¶ 23. The Techtronic Group router products at issue in the Wisconsin and Delaware

cases are substantially similar if not identical in their technical aspects with respect to the accused mounting system.

Milwaukee Electric developed the plans for the Techtronic Group router products identified in the Wisconsin and Delaware litigation in Wisconsin at its headquarters in Brookfield, Wisconsin. McLay Decl. at ¶ 4. Accordingly, witnesses with knowledge about the Techtronic Group's mounting system and router product plans and designs are employed by Milwaukee Electric in Wisconsin. *Id.* None of the router products made by the members of the Techtronic Group are manufactured in or near Delaware. *Id.* at ¶ 5

In the Wisconsin action, the parties have already participated in a scheduling conference with the court on August 10, 2006 and the parties have exchanged discovery requests.

**ARGUMENT**

**I.     The Convenience of the Parties and Interests of Justice Determine Whether Transfer is Appropriate.**

This Court has substantial discretion to transfer the '897 Patent claim: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] 28 U.S.C. § 1404(a). Section 1404(a) "vest[s] district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins.*

---

[2]     Black & Decker could have brought its claim of infringement of the '897 Patent in the Eastern District of Wisconsin on the same basis it brought the claims in Delaware, namely that Defendants sold allegedly infringing products in Delaware. Defendants sell the same products in Wisconsin that they sell in Delaware.

*Co.*, 55 F.3d 873, 883 (3rd Cir. 1995). Accordingly, the Third Circuit has listed various factors designed to weigh public and private interests. *Id.* at 879. These factors include:

> (1) the convenience and preference of the parties, including plaintiff's choice of forum; (2) the convenience of witnesses; (3) access to sources of proof such as books and records; (4) practical considerations that make litigation easy, expeditious or inexpensive; (5) the relative calendar congestion of the two competing districts; (6) where the events at issue took place and the interest of the respective courts in deciding local controversies; (7) the enforceability of any judgment and (8) the familiarity of the trial judge with the applicable law.

*Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001) (citing *Jumara*, 55 F.3d at 879-80).

These factors are often referred to as the public interests, focused on judicial efficiency, and the private interests, focused on the convenience to the parties and witnesses. Here, the public interests heavily favor transfer because the same court should hear claims of infringement of the same patent by related parties. This principle is even more sound when the accused products are very similar if not identical with respect to the structures at issue in the infringement analysis. The private interests also favor transfer because Wisconsin is the center of gravity for the infringement claims at issue, and accordingly, the preferred forum. Black & Decker will not be inconvenienced because it is already litigating its claim regarding the '897 Patent in Wisconsin.

## II.    The Public Interests, Focused on Judicial Economy and Convenience, Heavily Favor Transfer to Wisconsin.

The most significant factor in determining transfer under Section 1404(a) is often the practical considerations of ease and expense to the parties and the judicial system. *See, e.g.*, *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, *3 (D. Del. Dec. 12, 2000) (stating that practical considerations are "most relevant"); *Smithkline*

*Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 55 (D.C. Del.1975) (declaring that "sound judicial administration" is "one of the prime components of the 'interest of justice'"). This Court has long recognized that "[c]entral to efficient and effective judicial administration is a policy, implied in section 1404(a), of proper conservation and utilization of judicial resources." *Smithkline*, 406 F. Supp. at 55. When factual issues are "virtually identical" it is wasteful for the same issues to simultaneously proceed before two courts. *Id.* This is especially true in patent cases because the "extreme factual complexity . . . implicates an additional reason . . . to justify transfer of the case, namely that 'only one judge need to be 'educated' with regard to the intricacies of the patents involved . . . .'" *Id.* at 56 (quoting *Medtronic, Inc. v American Optical Corp.*, 337 F. Supp. 490, 497 (D. Minn. 1971)).

Even when the defendants are unrelated, it is wasteful for two different courts to construe the same patents. *See Nilssen v. Osram Sylvania, Inc.*, No. Civ. A. 00-695-JJF, 2001 WL 34368395, at *4 (D. Del. May 1, 2001) (granting a transfer from Delaware to a district where plaintiff had two patent cases pending against two different defendants than the defendant in the Delaware litigation); *see also Sanyo Elec. Trading Co., Ltd. v. Masco Corp.*, 429 F. Supp. 1023, 1024 (D.C. Del. 1977) (transferring venue to forum where litigation over the same patent was pending against another member of the defendant's corporate family); *Genfoot, Inc. v. Payless Shoesource, Inc.*, No. Civ. 03-398-SLR, 2003 WL 22953183, at *2 (D. Del. Dec. 3, 2003) (transferring venue to forum where defendant's subsidiary had previously filed a declaratory judgment against the plaintiff in the Delaware suit).

Similarly, if the two cases involve "seemingly related products and technologies"

that factor further reinforces the appropriateness of transfer to the venue where discovery has already commenced. *Cashedge, Inc. v. Yodlee, Inc.*, No. Civ. A. 06-170 JJF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006). Some cases have gone further by transferring cases involving different patents and different technologies, when the parties were the same. *APV North America, Inc. v. Sig Simonazzi North America, Inc.*, 295 F. Supp. 2d 393, 399 (D. Del. 2002).

The facts in this case are even stronger than in patent cases that have been transferred from this district. Here, Black & Decker's Delaware claim regarding its '897 patent is more than related—it is virtually identical—to its Wisconsin claim involving the same patent. The presence of the related Wisconsin case involving the same patent is, standing alone, a reason to grant transfer. *Weber,* 155 F. Supp. 2d at 286. Moreover, "[t]his consideration is powerful enough to tilt the balance in favor of transfer even when the convenience of the parties and the witnesses would suggest the opposite." *Id.*

Further favoring transfer is the relatedness of the accused infringers—the Delaware Defendants and the Wisconsin Counter-Defendant are members of the same corporate family, such that the parties are essentially the same in the Delaware and Wisconsin litigation. *See Genfoot,* 2003 WL 22953183, at **1-2 (holding that a wholly-owned subsidiary and a parent company are the "same parties" for purposes of the transfer of venue analysis). Finally, the Techtronic Group products at issue incorporate the same technology because they were developed from the same set of plans at Milwaukee Tool. Because of the shared product plans and the similarity of the products, the infringement analysis will be virtually identical in the Delaware and Wisconsin cases. That discovery is underway in Wisconsin favors transfer to Wisconsin. Allowing Black

7

& Decker's Delaware claim to proceed here would result in this Court duplicating the Wisconsin court's progress. The public interests and common sense notions of judicial efficiency strongly favor transfer here.

### III. The Private Interests, Focused on the Convenience of the Parties, Favors Transfer to Wisconsin.

The private interests of the parties, including the convenience of the parties and witnesses, also weigh in favor of transfer to Wisconsin. First, Black & Decker's choice of forum should be "accorded less deference" because "the central facts of [this] lawsuit occur[ed] outside the forum state." *Saint-Gobain Calmar, Inc. v. National Products Corp*, 230 F.Supp.2d 655, 660-61 (E.D. Pa. 2002). The preferred forum in a patent infringement case is the "center of gravity" or "where the alleged infringement occurred." *Id.* Finding the "center of gravity" takes into account where a product was developed, researched and tested. *Id.* Or, where "the design and manufacture" of the allegedly infringing product occurred. *Brunswick,* 2000 WL 1876477 at *2. "[S]ales are not sufficient to establish [a forum] as the center of gravity of the allegedly infringing activity." *Saint-Gobain*, 230 F. Supp. 2d at 660.

Black & Decker alleges the sale of infringing products—not the manufacture or design—as its basis for bringing this suit in Delaware. *See* Compl. ¶ 8. ("Each Defendant transacts business in this District, at least by offering to sell, selling, importing and/or advertising power tool products through retail stores, catalogs and the Internet in such a way to reach customers in Delaware."). At the center of this dispute are related products sold by the Techtronic Group. These products are based on plans developed in Wisconsin by Milwaukee Electric. None of the products were designed in Delaware. None of the products are manufactured in or near Delaware. McLay Decl. at ¶ 5.

Although Defendants One World and OWT have incorporated in Delaware, they are headquartered in South Carolina and conduct all activities relevant to this litigation outside of Delaware.  Defendant Techtronic has no connection to Delaware other than its alleged sale of infringing products in Delaware.  All Defendants, however, are connected to Wisconsin through their use of plans developed in Wisconsin by Milwaukee Electric, a fellow member of the Techtronic Group.  Wisconsin is clearly the "center of gravity" relevant to Black & Decker's allegations of infringement and the preferred forum for the '897 Patent claim.  At a minimum, Wisconsin is closer to the center of gravity in this case than Delaware.

As far as convenience, witnesses for the Techtronic Group members are either already in the Eastern District of Wisconsin or will have to travel to either Delaware or Wisconsin.  Transferring the '897 Patent infringement claim to Wisconsin will not inconvenience Black & Decker because Black & Decker is already litigating a claim regarding the '897 Patent in Wisconsin.  In fact, Wisconsin is likely a more convenient forum for Black & Decker because Black & Decker would be able to streamline its efforts by presenting all its evidence and witnesses for its '897 Patent claims before the same court.  Further, based on geography, Wisconsin is a more convenient forum for Black & Decker's Illinois-based counsel than Delaware.

In sum, the Eastern District of Wisconsin is more convenient because "the parties have proven capable to litigate there, and the court is already familiar with the parties and their technologies." *Cashedge*, 2006 WL 2038504 at *2.  Black & Decker can hardly argue against the Eastern District of Wisconsin as a forum for this action when it has already brought a nearly identical claim in that forum.

## CONCLUSION

In view of the foregoing, Defendants request severance of the claim of infringement of the '897 Patent (and related counterclaims) pursuant to Fed. R. Civ. P. 21 and transfer of Black & Decker's '897 Patent claim to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a).

Dated:  August 28, 2006

_/s/ Richard K. Herrmann_____
Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
rherrmann@morrisjames.com
Tel:  (302) 888-6800
Fax: (302) 571-1750

_Attorneys for Techtronic Industries Co. Ltd.,_
_One World Technologies, Inc. and OWT_
_Industries, Inc._

_OF COUNSEL_

Michael E. Husmann
Richard H. Marschall
100 East Wisconsin Avenue
Suite 3300
Milwaukee, Wisconsin  53202-4108
mehusmann@michaelbest.com
rhmarschall@michaelbest.com
Tel:  (414) 271-6560
Fax: (414) 277-0656

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of August, 2006, I electronically filed the foregoing document, **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO SEVER AND TRANSFER VENUE PURSUANT TO 28 § 1404(a)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell, LLP
1200 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
(302) 658-9200

Additionally, I hereby certify that on this 28th day of August, 2006, the foregoing document was served via Federal Express and by e-mail on the following non-registered participants:

Raymond P. Niro, Jr.
Dina M. Hayes
Christopher F. Laney
NIRO, SCAVONE, HALLER & NIRO
8128 West Madison, Suite 46700
Chicago, IL  60602-4515
(312) 236-9733

        */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

*Counsel for Techtronic Industries Co. Ltd., One World Technologies, Inc. and OWT Industries, Inc.*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

'06   JAN 31 ) P 1 :54

MILWAUKEE ELECTRIC )
TOOL CORPORATION, )
 )
 )
 )
Plaintiff, )      No. _____ 06-C-0131
 )
v. )      **JURY TRIAL DEMANDED**
 )
 )
BLACK & DECKER (U.S.) INC. and )
BLACK & DECKER INC., )
 )
Defendant. )
 )

## COMPLAINT

The Plaintiff, Milwaukee Electric Tool Corporation, by its undersigned attorneys, as and

for its complaint against Black & Decker (U.S.) Inc. and Black & Decker Inc. (collectively,

"Black & Decker") alleges as follows:

### PARTIES AND JURISDICTION

1.      The Plaintiff, Milwaukee Electric Tool Corporation ("Milwaukee Electric Tool")

is a Delaware corporation with its principal place of business at 13135 West Lisbon Road,

Brookfield, Wisconsin 53005.

2.      Defendant Black & Decker (U.S.) Inc. is a Maryland corporation located at 701

East Joppa Road Towson, Maryland 21286.

3.      Defendant Black & Decker Inc. is a Delaware corporation located at 1207

Drummond Plaza, Newark, Delaware 19711.

A 1

4.     This is an action for patent infringement based upon the patent laws of the United States.  Jurisdiction and venue are based upon 28 U.S.C. §§ 1338, 1391, and 1400(b).

### SUBSTANTIVE ALLEGATIONS OF PATENT INFRINGEMENT

5.     Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-4.

6.     On January 31, 2006, United States Patent No. 6,991,008 (the "'008 Patent") was duly and legally issued.

7.     The '008 Patent claims *inter alia* combinations and methods related to routers.

8.     The Plaintiff, Milwaukee Electric Tool, by assignment, is the owner of the '008 Patent.

9.     On October 4, 2005, United States Patent No. 6,951,232 (the "'232 Patent") was duly and legally issued.

10.     The '232 Patent claims *inter alia* combinations related to routers.

11.     The Plaintiff, Milwaukee Electric Tool, by assignment, is the owner of the '232 Patent.

12.     The Defendant, Black & Decker, has directly infringed, induced infringement and contributorily infringed Milwaukee Electric Tool's exclusive rights in the '008 and '232 patents by manufacturing, importing, offering for sale, and/or selling products that embody the inventions of and are within the scope of the '008 and '232 patents and by causing others to offer for sale, sell, and use the infringing products.  The Black & Decker products that infringe one or more of the claims of the '008 and '232 patents include, but are not necessarily limited to, Black & Decker's 890 series of router products and model nos. 75301 and 8529.  These products are

- 2 -

A 2

sold under Black & Decker's Porter-Cable line of products.  Black & Decker continues such infringement.

13.    As a direct and proximate result of the Defendant's, Black & Decker's, infringement, the Plaintiff, Milwaukee Electric Tool, has suffered injury and damage, which continues to accrue in an amount to be determined at trial.

## CAUSES OF ACTION

### COUNT ONE
#### INFRINGEMENT OF '008 PATENT

14.    Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-13.

15.    The acts of the Defendant, Black & Decker, complained of herein constitute infringement of the '008 patent in violation of 35 U.S.C. § 271.

### COUNT TWO
#### INFRINGEMENT OF '232 PATENT

16.    Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-15.

17.    The acts of the Defendant, Black & Decker, complained of herein constitute infringement of the '232 patent in violation of 35 U.S.C. § 271.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Milwaukee Electric Tool, prays that this Court enter judgment in its favor and against the Defendant, Black & Decker, granting the following relief:

- 3 -

A 3

A.    Declare that Black & Decker has infringed, induced others to infringe, and/or contributed to the infringement of the '008 and '232 patents;

B.    Award damages to Milwaukee Electric Tool for Black & Decker's infringement of the '008 and '232 patents;

C.    Enjoin Black & Decker, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '008 or '232 patents;

D.    Find this case exceptional pursuant to 35 U.S.C. § 285, and award Milwaukee Electric Tool its attorney fees and costs; and

E.    Award Milwaukee Electric Tool interest, costs, and such other relief as the court may deem just and equitable.

Dated January 31, 2006

Respectfully submitted,

MICHAEL BEST & FRIEDRICH LLP

Michael E. Husmann
Richard H. Marschall
MICHAEL BEST & FRIEDRICH, LLP
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202
414-271-6560
Attorneys for the Plaintiff,
Milwaukee Electric Tool Corporation

- 4 -

A4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLACK & DECKER (U.S.) INC. and BLACK & DECKER INC.,<br><br>Defendants.<br>BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC.,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Counter-Defendant. | Civil Action No. 06-C-0131<br><br>Judge C. N. Clevert, Jr.<br><br><br><br>**BLACK & DECKER'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendants, Black & Decker (U.S.) Inc. and Black & Decker Inc. (collectively "Black & Decker"), respond to the Complaint filed by Plaintiff, Milwaukee Electric Tool Corporation, as follows:

## ANSWER

### Parties and Jurisdiction

1.     The Plaintiff, Milwaukee Electric Tool Corporation ("Milwaukee Electric Tool") is a Delaware corporation with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

**Response:**

Admitted.

2.     Defendant Black & Decker (U.S.) Inc. is a Maryland corporation located at 701 East Joppa Road Towson, Maryland 21286.

۸٥

**Response:**

Admitted.

3.     Defendant Black & Decker Inc. is a Delaware corporation located at 1207 Drummond Plaza, Newark, Delaware 19711.

**Response:**

Admitted.

4.     This is an action for patent infringement based upon the patent laws of the United States.  Jurisdiction and venue are based upon 28 U.S.C. §§ 1338, 1391, and 1400(b).

**Response:**

Admitted.

<u>Substantive Allegations of Patent Infringement</u>

5.     Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-4.

**Response:**

Black & Decker reincorporates and alleges as if fully set forth herein its responses to

each and every allegation contained above in paragraphs 1-4.

6.     On January 31, 2006, United States Patent No. 6,991,008 (the "'008 Patent") was duly and legally issued.

**Response:**

Admitted that the '008 patent issued on January 31, 2006.  Otherwise, denied.

7.     The '008 Patent claims *inter alia* combinations and methods related to routers.

**Response:**

Admitted that the '008 patent claims are limited to routers, along with numerous

additional limitations set forth in the claims.  Otherwise, denied.

8.     The Plaintiff, Milwaukee Electric Tool, by assignment, is the owner of the '008 Patent.

2

A6

**Response:**

Denied on the ground that Black & Decker lacks sufficient information or belief as to the truth of the allegations.

9.    On October 4, 2005, United States Patent No. 6,951,232 (the "'232 Patent") was duly and legally issued.

**Response:**

Admitted that the '232 patent issued on October 4, 2005.  Otherwise, denied..

10.    The '232 Patent claims *inter alia* combinations related to routers.

**Response:**

Admitted that the '232 patent claims are limited to routers, along with numerous additional limitations set forth in the claims.  Otherwise, denied.

11.    The Plaintiff, Milwaukee Electric Tool, by assignment, is the owner of the '232 Patent.

**Response:**

Denied on the ground that Black & Decker lacks sufficient information or belief as to the truth of the allegations.

12.    The Defendant, Black & Decker, has directly infringed, induced infringement and contributorily infringed Milwaukee Electric Tool's exclusive rights in the '008 and '232 patents by manufacturing, importing, offering for sale, and/or selling products that embody the inventions of and are within the scope of the '008 and '232 patents and by causing others to offer for sale, sell, and use the infringing products.  The Black & Decker products that infringe one or more of the claims of the '008 and '232 patents include, but are not necessarily limited to, Black & Decker's 890 series of router products and model nos. 75301 and 8529.  These products are sold under Black & Decker's Porter-Cable line of products.  Black & Decker continues such infringement.

**Response:**

Admitted that Black & Decker sells router products under the Porter-Cable brand name.  Otherwise, denied.

3

A7

13.   As a direct and proximate result of the Defendant's, Black & Decker's, infringement, the Plaintiff, Milwaukee Electric Tool, has suffered injury and damage, which continues to accrue in an amount to be determined at trial.

**Response:**

Denied.

## Causes of Action

### Count One
### Infringement of '008 Patent

14.   Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-13.

**Response:**

Black & Decker reincorporates and alleges as if fully set forth herein its responses to each and every allegation contained above in paragraphs 1-13.

15.   The acts of Defendant, Black & Decker, complained of herein constitute infringement of the '008 patent in violation of 35 U.S.C. § 271.

**Response:**

Denied.

### Count Two
### Infringement of '232 Patent

16.   Milwaukee Electric Tool reincorporates and alleges as if fully set forth herein each and every allegation contained above in paragraphs 1-15.

**Response:**

Black & Decker reincorporates and alleges as if fully set forth herein its responses to each and every allegation contained above in paragraphs 1-15.

17.   The acts of the Defendant, Black & Decker, complained of herein constitute infringement of the '232 patent in violation of 35 U.S.C. § 271.

A8

**Response:**

Denied.

## AFFIRMATIVE DEFENSES

Black & Decker asserts the following defenses and reserves the right to further amend its Answer as additional information becomes available:

1.    Black & Decker does not and has not infringed, and does not induce or contribute to and has not induced or contributed to the infringement of, any claim of the '008 patent.

2.    Black & Decker does not and has not infringed, and does not induce or contribute to and has not induced or contributed to the infringement of, any claim of the '232 patent.

3.    The claims of the '008 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.    The claims of the '232 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

5.    Black & Decker adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.  No affirmative defense is waived.

## COUNTERCLAIMS

Counter-Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), allege the following Counterclaims against Counter-Defendant, Milwaukee Electric Tool Corporation ("Milwaukee Electric Tool"), as follows:

A9

## Parties

1.      Black & Decker Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

2.      Black & Decker (U.S.) Inc. is a corporation organized and existing under the laws of the State of Maryland, having its principal place of business at 701 East Joppa Road, Towson, Maryland 21286.

3.      Milwaukee Electric Tool Corporation ("Milwaukee Electric Tool") is a Delaware corporation with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over the patent infringement counterclaims pursuant to 28 U.S.C. § 1338(a) and subject matter jurisdiction over the declaratory judgment counterclaims pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201 and 2202.  By its Complaint, Milwaukee Electric Tool has submitted itself to the jurisdiction and venue of this Court and has created an actual controversy with Black & Decker.  Venue in the district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

## Declaratory Judgment of Noninfringement of the '008 Patent

5.      Black & Decker repeats and re-alleges the allegations of paragraphs 1-4 above as fully set forth herein.

A 10

6.    Black & Decker does not and has not infringed, induced infringement or contributed to the infringement of, U.S. Patent No. 6,991,008 (the "'008 patent"), under any theory, including literal infringement or infringement under the doctrine of equivalents.

7.    No claim of the '008 patent relied upon by Milwaukee Electric Tool can validly be construed to cover any product manufactured, used, sold, offered for sale or imported by Black & Decker.

8.    For each claim of the '008 patent asserted by Milwaukee Electric Tool to have been infringed by Black & Decker, Black & Decker requests a declaration that none of its products infringe any such claim of the '008 patent.

## COUNT II

### Declaratory Judgment of Invalidity of the '008 Patent

9.    Black & Decker repeats and re-alleges the allegations of paragraphs 1-8 above as if fully set forth herein.

10.    A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '008 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

11.    Black & Decker requests a declaration that each claim of the '008 patent asserted by Milwaukee Electric Tool is invalid.

## COUNT III

### Declaratory Judgment of Noninfringement of the '232 Patent

12.    Black & Decker repeats and re-alleges the allegations of paragraphs 1-11 above as fully set forth herein.

All

13.     Black & Decker does not and has not infringed, induced infringement or contributed to the infringement of, U.S. Patent No. 6,951,232 (the "'232 patent"), under any theory, including literal infringement or infringement under the doctrine of equivalents.

14.     No claim of the '232 patent relied upon by Milwaukee Electric Tool can validly be construed to cover any product manufactured, used, sold, offered for sale or imported by Black & Decker.

15.     For each claim of the '232 patent asserted by Milwaukee Electric Tool to have been infringed by Black & Decker, Black & Decker requests a declaration that none of its products infringe any such claim of the '232 patent.

## COUNT IV

### Declaratory Judgment of Invalidity of the '232 Patent

16.     Black & Decker repeats and re-alleges the allegations of paragraphs 1-15 above as if fully set forth herein.

17.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the claims in the '232 patent are invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

18.     Black & Decker requests a declaration that each claim of the '232 patent asserted by Milwaukee Electric Tool is invalid.

## COUNT V

### Infringement of U.S. Patent No. 5,998,897

19.     Black & Decker repeats and re-alleges the allegations of paragraphs 1-4 above as if fully set forth herein.

A 12

20.    Black & Decker Inc. owns United States Patent No. 5,998,897 entitled "Router Chuck Mounting System," issued to Bosten et al. on December 7, 1999 ("the '897 patent"), which was assigned to Black & Decker Inc. by Porter-Cable Corporation.

21.    Black & Decker (U.S.) Inc. is an exclusive licensee under the '897 patent and has been directly injured by Milwaukee Electric Tool's infringing activities.

22.    Black & Decker Inc. and Black & Decker (U.S.) Inc. have standing to sue for infringement of the '897 patent because they collectively own all right, title and interest in and to the '897 patent and the Black & Decker products covered by that patent, including the right to collect for past damages. Black & Decker Inc. and Black & Decker (U.S.) Inc. have each suffered injury from the Milwaukee Electric Tool's acts of patent infringement.

23.    Milwaukee Electric Tool has infringed, and is now directly infringing the '897 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing router products and motors, including but not limited to products bearing Model Nos. 5615-20, 5615-21, 5616-20, 5616-21, 5619-20, 5625-20, 5615-29, 5616-29, 5619-29 and 5625-29 (the "Milwaukee Router Products"). Milwaukee Electric Tool has also infringed the '897 patent by knowingly and actively inducing others to infringe, and by contributing to the infringement of others by the manufacture, use, sale, importation and/or offer for sale of the infringing Milwaukee Router Products.

24.    Milwaukee Electric Tool's infringement, contributory infringement and/or inducement to infringe has injured Black & Decker, and Black & Decker is entitled to recover damages adequate to compensate it for such infringement, but in no event not less than a reasonable royalty.

A 13

25.    Milwaukee Electric Tool has been given actual notice of its infringement of the '897 patent.

26.    Milwaukee Electric Tool's infringement, contributory infringement and/or inducement to infringe has been willful and deliberate and has injured and will continue to injure Black & Decker, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation and/or offer for sale of products that come within the scope of the claims of the '897 patent.

## PRAYER FOR RELIEF

WHEREFORE, Black & Decker requests the following relief:

A.    That the Court deny any and all relief as set forth in the Complaint and that the Complaint be dismissed with prejudice;

B.    A declaration that the '008 patent is invalid and/or not infringed by Black & Decker;

C.    A declaration that the '232 patent is invalid and/or not infringed by Black & Decker;

D.    A judgment that Milwaukee Electric Tool has infringed the '897 patent;

E.    An award of damages adequate to compensate Black & Decker for Milwaukee Electric Tool's infringement of the '897 patent, but in no event less than a reasonable royalty, together with prejudgment interest from the date infringement began;

F.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '897 patent;

G.    Increased damages as permitted under 35 U.S.C. § 284;

A14

H.    A finding that this case is exceptional and an award to Black & Decker of its

attorneys' fees and costs as provided by 35 U.S.C. § 285;

I.    Such other and further relief as this Court or a jury may deem proper and just.

### **JURY DEMAND**

Black & Decker demands a trial by jury on all issues triable to a jury.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2006.

Respectfully submitted,


s/Kevin J. Kinney_____
Kevin J. Kinney
    kjk@kclegal.com
KRUKOWSKI & COSTELLO, S.C.
7111 West Edgerton Avenue
Milwaukee, Wisconsin 53220
Phone: (414) 423-1330
Fax: (414) 423-8755

Raymond P. Niro, Jr.
    rnirojr@nshn.com
Dina M. Hayes
    hayes@nshn.com
Frederick C. Laney
    laney@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
Phone: (312) 236-0733
Fax: (312) 236-3137

Attorneys for Black & Decker Inc. and Black & Decker
(U.S.) Inc.

11

A15

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2006, I electronically filed the foregoing BLACK & DECKER'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Michael E. Husmann
> mehusmann@michaelbest.com
> Richard H. Marschall
> rhmarschall@michaelbest.com
> MICHAEL BEST & FRIEDRICH LLP
> 100 E. Wisconsin Ave., Suite 3300
> Milwaukee, Wisconsin 53202
> Phone: (414) 271-6560
> Fax: (414) 277-0656
> Attorneys for Milwaukee Electric Tool Corporation

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

>  s/Kevin J. Kinney
> Kevin J. Kinney
> kjk@kclegal.com
> KRUKOWSKI & COSTELLO, S.C.
> 7111 West Edgerton Avenue
> Milwaukee, Wisconsin 53220
> Phone: (414) 423-1330
> Fax: (414) 423-8755
>
> Raymond P. Niro, Jr.
> rnirojr@nshn.com
> Dina M. Hayes
> hayes@nshn.com
> Frederick C. Laney
> laney@nshn.com
> NIRO, SCAVONE, HALLER & NIRO
> 181 West Madison, Suite 4600
> Chicago, Illinois 60602-4515
> Phone: (312) 236-0733
> Fax: (312) 236-3137
>
> Attorneys for Black & Decker Inc. and Black & Decker (U.S.) Inc.

12

A 16