IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-386-GMS |
| TECHTRONICS INDUSTRIES CO. LTD., ONE WORLD TECHNOLOGIES, INC. and OWT INDUSTRIES, INC., | ) ) ) ) | |
| Defendants. | ) | |

## BLACK & DECKER'S REPLY TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs, Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), hereby Reply to the Counterclaims of Defendants, TechTronics Industries Co. Ltd., One World Technologies, Inc. and OWT Industries, Inc. (collectively "TTI"), filed on August 28, 2006 as follows:

### COUNTERCLAIMS

#### Parties and Jurisdiction

33.    TechTronics Industries Co. Ltd. is a Hong Kong corporation having its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong.

**Response:**

Admitted.


34.    One World Technologies, Inc. is a Delaware corporation having its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.  One World is a wholly-owned subsidiary of TTI.

**Response:**

Admitted.

35.    OWT Industries, Inc. is a Delaware corporation having its principal place of business at 225 Pumpkintown Highway, Pickens, South Carolina.  OWT is a subsidiary of One World.

**<u>Response:</u>**

Admitted.


36.    Black & Decker Inc. is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, Delaware.

**<u>Response:</u>**

Admitted.


37.    Black & Decker (U.S.) Inc. is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, Maryland.

**<u>Response:</u>**

Admitted.


38.    TTI's counterclaims are brought under the Patent Laws of the United States.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2001.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), but inappropriate for the reasons stated in defendants' motion to transfer filed contemporaneously herewith.

**<u>Response:</u>**

It is admitted that TTI asserts such claims, but denied that Defendants are entitled to any

relief.  Admitted that this Court has subject matter jurisdiction and that venue is proper in this

District.  Otherwise, the allegations are denied.


39.    An actual controversy exists between TTI and Black & Decker with respect to the alleged infringement of the '988 patent and the alleged infringement of the '897 patent due to allegations in paragraphs 11-26 of Black & Decker's Complaint filed on June 14, 2006.

**Response:**

    Admitted.

### TTI's Counterclaim of Non-Infringement of the '988 Patent

    40.    TTI seeks a declaratory judgment that the '988 patent is not infringed in any manner by any TTI products or by any actions of TTI.

**Response:**

    It is admitted that TTI seeks such a judgment, but denied that Defendants are entitled to any relief.

### TTI's Counterclaim of Non-Infringement of the '897 Patent

    41.    TTI seeks a declaratory judgment that the '897 patent is not infringed in any manner by any TTI products or by any actions of TTI.

**Response:**

    It is admitted that TTI seeks such a judgment, but denied that Defendants are entitled to any relief.

### TTI's Counterclaim of Invalidity of the '988 Patent

    42.    TTI seeks a declaratory judgment that the '988 patent is invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Response:**

    It is admitted that TTI seeks such a judgment, but denied that Defendants are entitled to any relief.

TTI's Counterclaims of Invalidity of the '897 Patent

43.    TTI seeks a declaratory judgment that the '988 [sic] patent is invalid under one or more of the grounds specified in United States Code, Title 35, including failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Response:**

It is admitted that TTI seeks such a judgment, but denied that Defendants are entitled to any relief.

## AFFIRMATIVE DEFENSES

Black & Decker asserts the following Affirmative Defenses against Defendants' Counterclaims and reserves the right to further amend its Response as additional information becomes available:

1.    The claims of United States Patent No. 5,590,988 are valid, enforceable and infringed by Defendants.

2.    The claims of United States Patent No. 5,998,897 are valid, enforceable and infringed by Defendants.

3.    Defendants have also knowingly contributed to or induced the infringement of others by willfully and intentionally aiding, assisting and encouraging such infringement.

4.    Defendants' infringement has been willful.

5.    Black & Decker adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.  No affirmative defense is waived.

WHEREFORE, Black & Decker requests that judgment be entered against Defendants and in Black & Decker's favor on the Counterclaims brought by Defendants.  Black & Decker further requests that it be granted all of the relief requested in its Complaint.

## JURY DEMAND

Black & Decker demands a trial by jury on all issues properly triable to a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
(302) 658-9200
*Attorneys for Plaintiffs*

OF COUNSEL:

Raymond P. Niro, Jr.
Dina M. Hayes
Christopher F. Laney
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Il  60602 4515
(312) 236 0733

September 7, 2006
535923

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:  Richard K. Herrmann.

I also certify that on September 7, 2006, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

### <u>BY HAND & E-MAIL</u>

Richard K. Herrmann (#405)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
rherrmann@morrisjames.com

### <u>BY E-MAIL</u>

Michael E. Husmann
Richard H. Marschall
MICHAEL, BEST & FRIEDRICH
100 East Wisconsin Avenue, **Suite 3300**
Milwaukee, WI  53202-4108
mehusmann@michaelbest.com
rhmarschall@michaelbest.com

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)

535923