IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., ) ) ) Plaintiffs, ) ) v. ) ) TECHTRONICS INDUSTRIES CO. LTD., ) ONE WORLD TECHNOLOGIES, INC. ) and OWT INDUSTRIES, INC., ) ) Defendants. ) | C.A. No. 06-386-GMS |

**JOINT STATUS REPORT**

Pursuant to the Court's October 24, 2006 Notice of Scheduling Conference, Fed. R. Civ. P. 26(f) and Local Rule 16.2(b), counsel for the parties respectfully submit this Joint Status Report with respect to the agenda items to be addressed at the conference set for November 20, 2006.

**1.    Jurisdiction and Service.**

This Court has jurisdiction over the subject matter of this action pursuant to the patent laws of the United States, Title 35 of the United States Code, and 28 U.S.C. § 1338. The parties do not dispute that personal jurisdiction and venue are proper. The Defendants have been served and have answered the Complaint.

**2.    Substance of the Action.**

On June 14, 2006, Plaintiffs, Black & Decker, Inc. and Black & Decker (U.S.) Inc. (collectively "Black & Decker"), filed this action against Defendants, Techtronic Industries Co. Ltd., One World Technologies, Inc. and OWT Industries, Inc. (collectively "TTI"), for infringement of United States Patent Nos. 5,998,897 (the "'897 patent") and 5,590,988 (the

"'988 patent") by router products manufactured, offered for sale and sold by TTI. On September 22, 2006, pursuant to a Stipulation between the parties, the Court ordered all claims, counterclaims and defenses relating to the '897 patent transferred to the Eastern District of Wisconsin for consolidation with <u>Milwaukee Electric Tool Corporation</u> v. <u>Black & Decker (U.S.) Inc. and Black & Decker Inc.</u>, Case No. 06-C-0131. The claims, counterclaims and defenses relating to the '988 patent will proceed before this Court.

Black & Decker contends that defendants have knowingly, willfully and actively infringed, induced others to infringe and contributed to the infringement of the '988 patent through, among other activities, the manufacture, use, sale, importation and/or offer for sale of infringing router products and motors, including but not limited to RIDGID brand products bearing Model Nos. R2930 and R2900.

TTI denies that it infringes any claim of the '988 patent, whether literally, under the doctrine of equivalents, directly or indirectly by contributing to or inducing direct infringement of others. TTI also contends that the claims of the '988 patent are invalid. In addition to its affirmative defenses, TTI has asserted counterclaims against Black & Decker for noninfringement and invalidity of the '988 patent.

**3.    Identification of Issues.**

Based upon the pleadings, the factual and legal issues disputed in this action are: infringement, willful infringement, validity of the '988 patent and the amount of damages adequate to compensate Black & Decker for TTI's alleged infringement.

**4.    Narrowing of Issues.**

As noted above, the issues regarding the allegations of infringement of the Black & Decker '897 patent have been transferred to the Eastern District of Wisconsin. Since discovery

has not yet been conducted, the parties do not have a firm understanding at this time as to which, if any, other issues may be narrowed by motion or agreement.

5.    **Relief.**

Pursuant to 35 U.S.C. § 284, Black & Decker seeks damages adequate to compensate it for TTI's infringement of the '988 patent, including Black & Decker's lost profits and incremental lost profits.  At a minimum, however, to the extent it is determined that Black & Decker is not entitled to its lost profits for the infringement of the '988 patent, Black & Decker will seek a reasonable royalty as provided in 35 U.S.C. § 284.  Black & Decker also seeks enhanced damages for TTI's willful infringement pursuant to 35 U.S.C. §284 and attorneys' fees pursuant to 35 U.S.C. § 285.  Permanent injunctive relief is also sought against TTI.

TTI seeks declaratory judgment that all claims of the '988 patent are invalid and not infringed by TTI.

6.    **Amendment of Pleadings.**

The parties do not presently intend to amend their pleadings.  However, the parties propose that **January 31, 2007** is an appropriate deadline for making any necessary amendments.

7.    **Joinder of Parties.**

The parties do not presently intend to join additional parties.  However, the parties propose that **February 15, 2007** is an appropriate date for joining any appropriate and necessary parties.

**8.     Scheduling of Discovery, Expert Witnesses, Claim Construction and Disposition Motions.**

**8(a).   Fact Discovery.**

The parties contemplate that discovery is necessary on the claims, defenses and counterclaims summarized above.

Black & Decker anticipates that it will require discovery related to each of the following issues:

1. The design, manufacture, marketing, sales and operation of TTI's accused products that embody any of the inventions claimed in the '988 patent;

2. TTI's infringement of the claims of the '988 patent;

3. TTI's willful infringement of the '988 patent;

4. The sales, revenues, costs and profits generated by TTI in the manufacture, use, import, sale or offer for sale of infringing products;

5. The amount of a reasonable royalty;

6. The factual basis of TTI's affirmative defenses and counterclaims, including any opinion of counsel (or other documents) on which TTI intends to rely in defense of Black & Decker's claims;

7. Third party discovery may also be necessary on the above listed issues.

TTI anticipates that it will require discovery on each of the following issues:

1. The factual basis for Black & Decker's claims of infringement, willful infringement and damages;

2. The prior art to the '988 patent;

3. Black & Decker's knowledge of any material prior art that was not cited to the U.S. Patent Office;

4. Black & Decker products that Black & Decker alleges are covered by the '988 patent;

5. Black & Decker sales and marketing information;

6. Third party discovery relevant to any of the issues above, including prior art relevant to the validity of the '988 patent.

4

The parties propose that all fact discovery should be initiated so that it will be completed on or before **July 2, 2007**.

The parties agree that the limitations of the Federal Rules of Civil Procedure shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court.

**8(b).    Expert Witnesses.**

The parties anticipate that they will retain experts with respect to the various matters that are in dispute. Expert discovery shall be initiated so that it will be completed by **October 1, 2007**. Expert reports for the party bearing the burden of proof shall be completed and served on or before **August 15, 2007**. Rebuttal expert reports are to be completed and served on or before **September 17, 2007**.

**9.    Estimated Trial Length.**

The parties estimate that trial will require approximately five trial days. The parties are willing to work together in good faith to reduce the length of trial by the use of stipulations or other expedited means, but a this time do not have a firm understanding as to which issues may be so addressed.

**10.    Jury Trial.**

Plaintiffs and Defendants parties have demanded a trial by jury on all issues so triable.

**11.    Settlement.**

The parties are engaged in on-going settlement discussions. The parties do not consent to mediation at this time, but do agree that formal mediation may be pursued if the on-going settlement discussions are unsuccessful.

**12.    Conference of the Parties.**

A telephone meeting was held on November 10, 2006 to discuss each of the agenda items and the discovery plant presented in this Joint Status Report, and was participated in by:

Frederick C. Laney and Dina M. Hayes for Black & Decker; and

Richard Marschall for TTI.

### DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**Pre-Discovery Disclosures.**  The parties will exchange by **January 31, 2007** the information required by Rule 26(a)(1), Fed.R.Civ.P.

**Amendments to Pleadings.**  The parties should be allowed until **February 15, 2007** to join additional parties and to amend the pleadings.

*Markman* **Claim Construction Hearing**.  The parties propose that a *Markman* claim construction hearing be held on June 15, 2007.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before May 15, 2007, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.  The parties shall exchange opening claim construction briefs on May 25, 2007, and answering briefs on June 8, 2007.

**Expert Reports.**  Initial reports from party bearing burden of proof in issue due **August 15, 2007**; rebuttal expert reports due **September 17, 2007**.

**Close of Discovery.**  Fact discovery commenced in time to be completed by **July 2, 2007** and all expert discovery commenced in time to be completed by **October 1, 2007**.

**Dispositive Motions.**  The parties propose that all dispositive or partially dispositive motions shall be filed by **October 12, 2007**.

**Pretrial Conference.**  The parties request a Pretrial Conference in **January 2008**.

**Trial.**  The case should be ready for trial by **February 2008** and is expected to take **5** days to fully litigate.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, JAMES, HITCHENS & WILLIAMS, LLP |
| /s/ Thomas C. Grimm | /s/ Richard K. Herrmann |
| Thomas C. Grimm (# 1098)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>tgrimm@mnat.com | Richard K. Herrmann (#405)<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>(302) 888-6800<br>rherrmann@morrisjames.com |
| OF COUNSEL: | OF COUNSEL: |
| Raymond P. Niro, Jr.<br>Dina M. Hayes<br>Frederick C. Laney<br>NIRO, SCAVONE, HALLER & NIRO<br>181 West Madison, Suite 4600<br>Chicago, IL 60602 4515<br>(312) 236 0733 | Michael E. Husmann<br>Richard H. Marschall<br>MICHAEL, BEST & FRIEDRICH<br>100 East Wisconsin Avenue<br>Milwaukee, WI 53202-4108<br>(414) 271-6560 |

545458